UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00006-BJB-HBB

THE HUB AT LOVERS LANE, LLC, et al.                                          PLAINTIFFS

VS.

THE CINCINNATI INSURANCE COMPANY                                        DEFENDANT

MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant The Cincinnati Insurance Company ("CIC") to bifurcate and stay discovery on the insurance bad faith claim by Plaintiffs The Hub at Lovers Lane, LLC and HUB Multifamily, LLC (collectively "Hub") (DN 17).  Hub has responded in opposition (DN 22), and CIC has replied (DN 23).

Hub owns and was in the process of constructing an apartment complex, which was damaged by a tornado on December 11, 2021.  CIC insured the project against physical damage. CIC has made payment to Hub for the loss; however, Hub contends that the payment is insufficient to fully compensate it under the terms of the contract.  Hub brings this action for breach of contract and bad faith.

CIC has moved to bifurcate the breach of contract and bad faith claims and stay discovery on the bad faith aspect until the breach of contract claim has been resolved.  CIC notes that Hub must first establish a breach of contract before any discovery regarding bad faith would be relevant. Allowing Hub to pursue the bad faith claim concurrent with the breach of contract claim, CIC contends, would not promote judicial economy and will inevitably involve conflict over whether Hub is entitled to privileged materials.

Hub counters that the facts of the contract and bad faith cases are inextricably intertwined, and bifurcation does not serve judicial economy.  To sever the cases, it contends, will result in two nearly duplicative trials instead of one.

Fed. R. Civ. P. 42(b) provides for bifurcation of a trial as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

While a federal court sitting in diversity applies state substantive law, it nonetheless applies federal procedural law.  Fed. R. Civ. P. 42(b) governs the issue of bifurcation in such cases.  Nationwide Mut. Fire Ins. Co. v. Jahic, No. 3:11-CV-00155, 2013 U.S. Dist. LEXIS 1798, at *4 (W.D. Ky. Jan. 7, 2013).  The decision whether to bifurcate is within the discretion of the district court and is dependent on the facts and circumstances of each case.  Saxion v. Titan-C-Mfg., Inc., 86 F.3d 553, 556 (6th Cir. 1996).  Trial courts have broad discretion to stay discovery until preliminary questions that may dispose of cases are determined.  Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003).  As this Court noted in C.A. Jones Mgmt. Grp., LLC v. Scottsdale Indem. Co., No. 5:13-CV-00173-TBR, 2015 U.S. Dist. LEXIS 33430, at *4-5 (W.D. Ky. Mar. 18, 2015):

> District courts regularly confront motions for the bifurcation of claims for coverage under an insurance agreement and claims of bad-faith on the part of the insurer. *See, e.g.*, Brantley v. Safeco Ins. Co. of Am., 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011); Hoskins v. Allstate Prop. & Cas. Co., 2006 U.S. Dist. LEXIS 80327, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006). If a bad-faith claimant cannot prevail on the coverage issue, her claim of bad-faith necessarily fails; accordingly, such cases lend themselves to bifurcation under Rule 42(b). *See* Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *2; Honican v. Stonebridge Life Ins. Co., 2005 U.S. Dist. LEXIS 48247, 2005 WL 2614904, at *2 (E.D. KY. Oct. 13, 2005): *accord* Davidson v. Am. Freightways, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.").  Such a finding is important because "whether the resolution of a single issue would be dispositive of

an entire claim is highly relevant in determining the efficacy of bifurcation." In re Beverly Hills Fire Litig., 695 F.2d 207, 216 (6th Cir. 1982).

Federal district courts in Kentucky frequently sever the trials for contract and bad-faith claims in lawsuits analogous to the instant action. *E.g.*, Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554; Bruckner v. Sentinel Ins. Co., LTD, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911 (E.D. Ky. Feb. 10, 2011). That courts occasionally have decided against bifurcating first-party cases between the insurer and insured is unremarkable, given that bifurcation decisions are made on a case-by-case basis. However, it is noteworthy that courts have consistently bifurcated cases where resolution of a single claim would be dispositive of the entire case. *See e.g.*, Smith, 403 F.3d at 407; Beverly Hills, 695 F.2d at 216; Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 601 2554, at *2; Bruckner, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911, at *2.

"Kentucky law does not provide a bad-faith cause of action unless the plaintiff can prove that the insurance company had a contractual obligation to pay the claim." Holloway v. Ohio Sec. Ins. Co., No. 3:14-CV-00856-CRS, 2015 U.S. Dist. LEXIS 150746, at *3 (W.D. Ky. Nov. 6, 2015). As Hub's bad faith claim against CIC requires that they first prevail on their underlying damage valuation action, equity favors bifurcation of trial. "Bifurcation of the trials will avoid the expense of litigating issues that may never arise. Bifurcation also will permit the jury to focus on a single issue at a time, thereby avoiding the introduction of potentially confusing evidence until absolutely necessary." Underwood v. Ryan, No. 3:15-CV-700-JHM, 2016 U.S. Dist. LEXIS 69574, at *5 (W.D. Ky. May 26, 2016) (quoting White v. ABG Caulking Contrs., Inc., No. 5:13-CV-00194-TBR, 2014 U.S. Dist. LEXIS 32413, at *3 (W.D. Ky. Mar. 13, 2014)).

The same interest applies to staying discovery.

As numerous courts have found in this context, staying discovery of the bad-faith claim pending resolution of the underlying contractual dispute would both prevent prejudice and further judicial economy. See, e.g., Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *2; Bruckner, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911, at *2; Secura Ins. Co. v. Gorsick, 2008 U.S. Dist. LEXIS 3018, 2008 WL 152101, at *2 (W.D. Ky. Jan. 15, 2008); Pollard v. Wood, 2006 U.S. Dist. LEXIS 13459, 2006 WL 782739, at *2-3 (E.D. Ky. Mar. 27, 2006). Accordingly, the Court finds that staying discovery of the bad-faith claims pending resolution of

the coverage issue would also prevent prejudice, eliminate potentially unnecessary litigation expenses, and further the interests of judicial economy."

C.A. Jones Mgt. Grp., LLC, 2015 U.S. Dist. LEXIS 33430 at *5-6.

Hub has argued that the breach of contract and bad faith claims are so inextricably intertwined that they must be pursued together (DN 22) (citing Tharpe v. Illinois Nat'l Ins. Co., 199 F.R.D. 213 (W.D. Ky. 2011). This case does not, however, establish that first-party contract and bad faith claims are always inextricably intertwined. As Judge Russell has noted, "it is unremarkable that courts take different approaches when confronted with the choice to bifurcate under Rule 42(b); after all, this decision is made on a case-by-case basis." Brantley v. Safeco Ins. Co. of Am., No. 1:11-CV-00054-R, 2011 U.S. Dist. LEXIS 138111, at *6 (W.D. Ky. Dec. 1, 2011). As in Brantley, Hub's claims "will evaporate if [they are] not entitled to recovery under the policy. Bifurcation of the trials will thus avoid the expense of litigating certain issues that may never arise." Id. at *7. The threshold issue upon which Hub must prevail is whether CIC has fully compensated it for storm damage under the policy. Only after it prevails on this issue are matters of how CIC conducted the handling of its damage claim relevant. Hub has argued that these issues are inextricably intertwined, but aside from stating that they are, Hub has not demonstrated how.

**WHEREFORE**, the motion of Defendant The Cincinnati Insurance Company, DN 17, to bifurcate trial on the contract and bad faith claims and stay discovery on the bad faith claim is **GRANTED**.

April 19, 2024

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:      Counsel of Record

4